1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   AMADOR SERRANO,                    No. CIV S-09-2927-CMK-P

12            Plaintiff,

13        vs.                          <u>ORDER</u>

14   CALIFORNIA CORRECTIONAL
     DEPARTMENT OF CORRECTION,
15   et al.,

16            Defendants.

17   _____/

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

19   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).  Also before the court

20   are: (1) plaintiff's motion for an extension of time (Doc. 14) to file an application to proceed in

21   forma pauperis; and (2) plaintiff's motion (Doc. 15) to proceed in forma pauperis.

22        **A.    <u>Screening</u>**

23            The court is required to screen complaints brought by prisoners seeking relief

24   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

25   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

26   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

1  from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

2  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

3  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

5  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

6  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

7  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

8  allege with at least some degree of particularity overt acts by specific defendants which support

9  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

10  impossible for the court to conduct the screening required by law when the allegations are vague

11  and conclusory.

12      Plaintiff names the following as defendants: The California Department of

13  Corrections and Rehabilitation ("CDCR") and the California Correctional Center ("CCC").  The

14  complaint contains general discussions of substantive law but no specific factual allegations.

15  Based on documents attached to the complaint, it appears that plaintiff's claim stems from an

16  injury he sustained in April 2008.

17      The Eleventh Amendment prohibits federal courts from hearing suits brought

18  against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

19  Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

20  extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

21  of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

22  Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

23  agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

24  (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).  Here,

25  plaintiff names CDCR and CCC – both of which are immune defendants.  Plaintiff will be

26  provided an opportunity to amend to name actual individuals.

1   **B.**   **In Forma Pauperis**

2       Plaintiff seeks an extension of time to apply for in forma pauperis status.  Because

3   plaintiff has been granted such status (see order at Doc. 16), plaintiff's motion for an extension of

4   time to seek in forma pauperis status and his application for such status will be denied as

5   unnecessary.

6       **C.**   **Conclusion**

7       Because it is possible that the deficiencies identified in this order may be cured by

8   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

9   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

10  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

11  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

12  amend, all claims alleged in the original complaint which are not alleged in the amended

13  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

14  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

15  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

16  be complete in itself without reference to any prior pleading.  See id.

17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

20  each named defendant is involved, and must set forth some affirmative link or connection

21  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

22  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23      Finally, plaintiff is warned that failure to file an amended complaint within the

24  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

25  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

26  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend;

2.      Plaintiff's motion for an extension of time (Doc. 14) and motion for leave to proceed in forma pauperis (Doc. 15) are denied as unnecessary; and

3.      Plaintiff shall file an amended complaint within 30 days of the date of service of this order.


DATED: May 6, 2010

                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE

4