IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOR SERRANO, | No. CIV S-09-2927-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA CORRECTIONAL DEPARTMENT OF CORRECTION, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 23).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that

claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants in the caption of the amended complaint: The California Department of Corrections and Rehabilitation ("CDCR") and the California Correctional Center ("CCC").  In the body of the complaint plaintiff lists as defendants the following: Fleshman and Youngblood.  As to Fleshman, plaintiff alleges:

> . . . Th officer had no concern or worries of not being placed in a safety belt or harness on me for traveling purposes by law.  Th officer negligence and disregard, indifference for the safety and welfare of inmates is a gross violation of civil rights.  The officials violated my safety by going a excessive speed that all most caused a collision with a other vehicle, the official failed to give me a incident report of the accident with the information of vehicle, the tel-camera on board footage of the accident of the cause of my injuries and the lack of safety devices. . . . [sic].

As to Youngblood, plaintiff claims:

> . . . The officer had failed the decent to warning me that it would best cancel my appointment due vehicle not having proper safety devices to transporting me in case of accident, as his sworn duty to advising me.  The officer also moved me and told me to get up after the accident in which could have caused me more serious if I would have sustained a back injury.  The officer failed to call for a medical team, ambulance to check my injuries or give a professional opinio to moving me, the negligence of the most important policy consideration foreseeability of harm; as a general principle a defendant owes a duty of care to all persons who are foreseeable endanger by his conduct. . . . [sic].

1  Plaintiff adds: "The deliberate indifference was underscored when the officers failed to write a
2  incident report . . . of the circumstances surrounding the accident and investigative report that
3  could satisfactorily explain why there was a near collision. . . ." [sic].  It appears that plaintiff's
4  claims arise from an auto accident in April 2008.

## II.  DISCUSSION

7  First, as to defendants CDCR and CCC, such defendants are immune from suit, as
8  explained in the court's May 7, 2010, order.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978)
9  (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

10  As to defendant Fleshman, plaintiff appears to allege that this defendant was
11  negligent for not requiring plaintiff to wear seatbelts while he was being driven from one place to
12  another.  Alleged negligence is an insufficient basis for liability under § 1983.  See e.g. Estelle v.
13  Gamble, 429 U.S. 97, 106 (1976).  In particular, plaintiff has not alleged the necessary element of
14  deliberate indifference.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

15  As to defendant Youngblood, plaintiff alleges that he "failed to call for a medical
16  team, ambulance to check my injuries or give a professional opinio to moving. . . ."  To the
17  extent plaintiff claims that Youngblood was negligent for moving him after the accident without
18  obtaining medical clearance to do so.  As discussed above, such an allegation of negligence does
19  not support § 1983 liability.  To the extent plaintiff alleges that Youngblood was deliberately
20  indifferent to plaintiff's injuries by not calling for a "medical team, ambulance," documents
21  attached to plaintiff's complaint clearly indicate that he was in fact provided medical treatment
22  for injuries sustained in the accident.  Plaintiff does not claim that Youngblood's conduct or lack
23  thereof resulted in any delay which caused further injury.  Where delay is alleged, however, the
24  prisoner must also demonstrate that the delay led to further injury.  McGuckin v. Smith, 974
25  F.2d 1050, 1060 (9th Cir. 1992).
26  / / /

1  Finally, with respect to plaintiff's allegations that defendants failed to provide him
2  with documentation and other evidence relating to the auto accident, the court is unaware of any
3  constitutional provision or federal statute requiring such disclosure, and plaintiff does not cite to
4  any.  Therefore, plaintiff has not alleged a violation of constitutional or federal law as would
5  provide a basis for liability under § 1983.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that all pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2010

                                              /s/ Craig M. Kellison  
                                              **CRAIG M. KELLISON**  
                                              UNITED STATES MAGISTRATE JUDGE